UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT R. FOULON,

         Plaintiff,

   v.

KLAYMAN & TOSKES, P.A., a foreign corporation,

         Defendant.

NO. C-04-2555 C

ORDER

This matter comes before the Court on motion of Defendant, Klayman & Toskes, P.A., to enforce, pursuant to Fed. R. Civ. P. 12(b)(3), the forum selection clause in the Retainer and Fee Agreement it executed with plaintiff Robert R. Foulon. (See Dkt. No. 8.) This Court has carefully reviewed the materials submitted by the parties, and for the following reasons, GRANTS the Defendant's motion to dismiss.

This is a professional liability case based on a fee dispute. Plaintiff, Robert Foulon, alleges Defendant, Klayman & Toskes, P.A., a Florida law firm, improperly withdrew from representing him in a securities arbitration against his brokerage, Salomon Smith Barney. According to Plaintiff's allegations, Defendant breached its fiduciary and ethical duties to him, breached its contract to represent him, engaged in the unauthorized practice of law, and violated the Washington Consumer Protection Act ("CPA"). Plaintiff seeks declaratory relief, damages, and injunctive relief.

The contract at issue, entitled Retainer and Fee Agreement, contains a forum selection clause specifying that any legal action based on the contract "shall be brought in Palm Beach County, Florida."

ORDER – 1

Plaintiff, however, filed his claims in King County Superior Court. Defendant then removed the case to this Court based on diversity jurisdiction. Subsequently, Defendant, asserting that the forum selection clause is valid and should be enforced, filed this motion seeking dismissal of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(3) ("Rule 12(b)(3)"). Plaintiff asks that the Court deny Defendant's motion to dismiss claiming the contract is unenforceable because it is an illegal contract allowing for attorneys to engage in the unauthorized practice of law in Washington. Alternatively, Plaintiff contends that this Court is a proper venue and thus the *forum nonconveniens* standards control, which allows this Court to maintain the action. Finally, Plaintiff argues that even under a Rule12(b)(3) analysis, the forum selection clause should not be enforced because enforcement would essentially deprive the Plaintiff of his day in court and would violate Washington public policy.

As a preliminary matter, the Court first addresses the various motions to strike and surreplies filed by the parties. At the outset the Court notes that the matter currently before it relates solely to whether venue in the federal district court for the Western District of Washington is proper. The parties' evidentiary disputes, however, concern matters beyond the threshold issue of whether venue has been properly alleged
. Since the Court need not consider these requests (see, e.g., Exs. to Klayman Decl. (e-mails that relate to the withdrawal of Defendant as counsel for Plaintiff); Ex. 1 to Foulon Decl. (press release soliciting Microsoft employees for legal representation)), the Court need not reach the question of the admissibility of the disputed evidence. The following motions are thus DENIED: Plaintiff's Motion to Strike Exhibits to Lawrence Klayman Declaration (Dkt. No. 17); Defendant's Motion to Strike Exhibits 1 and 4 to Foulon Declaration (Dkt. No. 15); Defendant's Motion to Strike Portions of Carl Carlson Declaration (Dkt. No. 15). However, the Court will not consider the aforementioned Exhibits and Declarations in ruling on Defendant's motion.

Plaintiff also moves to strike Defendant's reply brief because it was not timely filed. It is true that Defendant violated Local Rule CR 7(d) by filing its Reply on April 1, rather than on March 31, the

ORDER – 2

judicial day before the noting date. However, Plaintiff has also committed a violation of the Local Rules by filing two surreplies[1] to Defendant's Motion to Strike. Under Local Rule CR 7(g) a party's response to a motion to strike contained in a reply is limited to a single three-page surreply. Rather than strike any of the pleadings filed in violation of the Local Rules, both parties are warned that these are the types of disputes better resolved by the parties, not by the Court.

The Court next turns to the issue of whether venue is proper. Parties may by contract designate a forum in which any litigation is to take place. See, Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991). Litigation commenced elsewhere may be subject to dismissal for improper venue. Id. In diversity cases, federal law governs the validity of the forum selection clause. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988 ). Dismissal premised on the enforcement of a forum selection clause is treated like a motion to dismiss for improper venue under Rule 12(b)(3).[2] Analysis under Rule 12(b)(3) does not require this Court to accept the pleadings as true and this Court may consider facts outside the pleadings. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). This Court must draw all reasonable inferences in favor of the plaintiff. Murphy v. Schneider Nat'l, Inc., 362 F. 3d 1133, 1138 (9th Cir. 2004).

Under federal law, a forum selection clause is *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances. M/S Bremen v. Zapata Off-Shore, Co., 407 U.S. 1, 10 (1972). A forum selection clause is unreasonable if: (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will

---

[1] Plaintiff also seeks leave to file a third surreply (Dkt. No. 25). Leave to file is DENIED.

[2] Plaintiff asserts that the proper vehicle for enforcing the forum selection clause is a motion for discretionary transfer under 28 U.S.C. § 1404(a). While the circuits are split on the proper vehicle for enforcing a forum selection clause, the Ninth Circuit in Argueta held that a forum selection clause is subject to Rule 12(b)(3). 87 F.3d 320 at 324. The Court also notes that Defendant has not moved for a forum conveniens transfer under 28 U.S.C. § 1404(a).

ORDER – 3

"for all practical purposes be deprived of its day in court"; or, (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. Argueta, 87 F.3d at 325. The party opposing the clause has the heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court. Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 281 (9th Cir. 1984).

With regard to the first exception, Plaintiff makes no assertion that the forum selection clause was incorporated into the contract through fraud, undue influence, or overweening bargaining power. (See Foulon's Opp'n to Mot. to Dismiss at 18.)[3]

With regard to the second exception, Plaintiff cites Murphy v. Schneider, 362 F.3d 1133 (9th Cir. 2004), to support the argument that economic considerations are sufficient grounds to deny enforcement of a valid forum selection clause. Plaintiff, however, mischaracterizes the holding in Murphy. In Murphy, the Ninth Circuit held that a *combination* of financial hardship and *physical inability to travel* to a distant forum *may* effectively deprive an individual of his or her day in court. Id. at 1143 (emphasis added). Although Plaintiff cites childcare considerations as a hardship factor, Plaintiff's primary concern about litigating in Florida is economic. (See Decl. of Robert Foulon, ¶¶ 25-33; Decl. of Theresa Foulon, ¶12). As Murphy indicates, economic hardship alone is not itself a sufficient ground to deny enforcement of a valid forum selection clause. 362 F.3d at 1143. Thus, Plaintiff has not carried the "heavy burden" of showing that a trial in Florida would be so difficult and inconvenient that he would effectively be denied a meaningful day in court.

With regard to the third exception, Plaintiff argues that enforcement of the forum selection clause would violate Washington's public policy of protecting its residents from individuals engaged in the

---

[3] Plaintiff does assert, however, that the contract, and thus the forum selection clause, is unenforceable because it is illegal to contract for the unauthorized practice of law in Washington. This issue goes to the merits of the case and is beyond the scope of this Court's inquiry into the threshold question of proper venue.

ORDER – 4

unauthorized practice of law in Washington. Plaintiff cites Dix v. ICT Group, Inc., 106 P.3d 841 (Wash. Ct. App. 2005), to support the assertion that the forum selection clause should not be enforced as it would undermine Washington's CPA, under which Plaintiff brings a claim against the Defendant. In Dix, the Washington Court of Appeals concluded that the forum selection clause contained in a membership agreement between customers and an internet service provider, which stated that disputes would be decided in Virginia courts, was not enforceable in a class action suit by customers against the provider for alleged CPA violations. Id. at 844-45. The court concluded that since Virginia, unlike Washington, did not have a class action procedure, enforcing the forum selection clause would undermine the purpose of the CPA, which is to offer broad protection to the citizens of Washington. Id. at 845. In the case at bar, however, Plaintiff is not bringing a class action suit. Thus, there is no indication that enforcement of the forum selection clause would undermine Plaintiff's ability to try his claims against the Defendant. Accordingly, the Court finds that the forum selection clause is reasonable.

Once the Court determines that the forum selection clause is enforceable, it then becomes necessary to determine whether the clause is mandatory or permissive. Docksider Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 763 (9th Cir. 1989). Where the term "venue" is used with mandatory language, the state or district designated is held to be the exclusive forum. Docksider Ltd., 875 F.2d at 764 (finding "venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia" to be mandatory). However, if the language of the forum selection clause is non-mandatory, the forum selection clause will not preclude suit elsewhere. Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987).

The clause at issue in this case states: "If a dispute arises between you and this firm, any suit or other action shall be brought in Palm Beach County, Florida, where this agreement is deemed to be entered into and completed." Unlike the forum selection clause in Docksider, the clause at issue does not contain the word "venue"; rather, it states that any suit or action "shall be brought" in Palm Beach

ORDER – 5

County, Florida.  This language, however, implies that the proper place for an action to be brought and to proceed —in other words the proper venue— is in Palm Beach County, Florida.  The Court finds, therefore, the term "brought" used with mandatory language implies that the designated county is to be the exclusive venue for a suit against the Defendant.  This suit should have been filed in Palm Beach County.

For the above stated reasons, the Court GRANTS Defendant's motion to enforce the forum selection clause and DISMISSES this action for lack of proper venue, pursuant to Fed. R. Civ. P. 12(b)(3).

DATED this 14th day of April, 2005

*[signature: John C Coughenour]*

UNITED STATES DISTRICT JUDGE

ORDER – 6